UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

EDWARD MARCUS GRIFFIN,

        Plaintiff,                              Case No.: 0:19-cv-63111-MGC

v.

ACCOUNT RESOLUTION
SERVICES,

        Defendant.
_____/

## DEFENDANT'S RESPONSE TO PLAINTIFF'S STATEMENT OF CLAIM

COMES NOW Defendant ACCOUNT RESOLUTION SERVICES (hereinafter "Defendant"), by and through its undersigned counsel, and file its Response to Plaintiff's Statement of Claim **[DE 14]**, pursuant to the Order of Referral and Order Regarding Court Practices and Procedures **[DE 04]** and states as follows:

## ALLEGED CONDUCT

Defendant is a debt collector as that term is defined under Section 1692(a) of the Fair Debt Collection Practices Act ("FDCPA") and thus sought the collection of a medical debt obligation from Plaintiff. Defendant denies Plaintiff's allegations of wrong-doing under the FDCPA related to its communications with Plaintiff and has asserted several affirmative defenses against these allegations **[DE 07]**.

Defendant asserts that the one (1) account of Plaintiff that is at issue in this case was placed with Defendant for collection by the original creditor in December 2016 (Account ending in -5838 in the amount of $390.79). ARS first reported Account -5838 to the credit reporting agencies ("CRAs") in March 2018. Plaintiff alleges that ARS violated Section 1692e(8) of the FDCPA by not reporting the subject account as disputed after ARS received a dispute from Plaintiff on or

about August 26, 2019.

Defendant contends that it did not violate Section 1692e(8) as alleged because pursuant to a long-standing interpretation of that statute by the Federal Trade Commission ("FTC"), there is no affirmative duty on a collection agency to update information about a debt's disputed status when the debt was already reported by the debt collector before the consumer lodged a dispute. FTC Staff Commentary, 53 Fed. Reg. 50097-02, 50106 (Dec. 13, 1988) ("*Post-report dispute. When a debt collector learns of a dispute after reporting the debt to a credit bureau, the dispute need not also be reported.*") (emphasis added).  ARS first reported the subject account in March 2018 and did not learn of Plaintiff's dispute until eighteen months later in August 2019.  As the -5838 account was already reported before Plaintiff lodged his dispute, ARS was not required to update the account information regarding the disputed status.

Defendant asserts in the alternative, that it is not liable under the FDCPA as Defendant, and its agents/employees are protected by the "*bona fide* error" defense of the FDCPA such that any actions or inactions if they occurred, were not intentional and resulted from a *bona fide* error notwithstanding Defendant's maintenance of procedures reasonably adapted to avoid such errors.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing has been electronically filed on **September 14, 2020**, via the Clerk of Court's CM/ECF system which will provide electronic notice to Mitchell L. Fraley, Esquire at mitchell@fraleyfirm.com (*Attorneys for Plaintiff*).

        */s/ Mary Grace Dyleski*
        Ernest H. Kohlmyer, III
        Florida Bar No.: 110108
        skohlmyer@shepardfirm.com
        Mary Grace Dyleski
        Florida Bar No.: 143383

mdyleski@shepardfirm.com
Shepard, Smith, Kohlmyer & Hand, P.A.
2300 Maitland Center Pkwy, Ste. 1000
Maitland, FL 32751
Tel: 307-622-1772; Fax: 407-622-1884
*Attorneys for Defendant*